■ In the Matter of ESTEFANIA S. and Another, Children Alleged to be Abused. ORLANDO S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [979 NYS2d 582]—

Order of fact-finding and disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about December 7, 2012, insofar as it found that respondent sexually abused the subject child Estefania S. and derivatively abused the subject child Allinson S., unanimously affirmed, without costs. Appeal from that portion of the order which released the subject children to their mother, and placed respondent under the supervision of the Administration for Children's Services for a period of one year, and imposed certain conditions for one year, unanimously dismissed, without costs, as moot. Appeal from order of protection, same court and Judge, entered on or about December 7, 2012, which directed respondent to stay away from and not communicate with the children for a period of one year, unanimously dismissed, without costs, as moot.

The Family Court's determination that respondent sexually abused Estefania is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Sade B. [Scott M.], 103 AD3d 519, 520 [1st Dept 2013]). The court properly found that Estefania's detailed out-of-court statements were sufficiently corroborated by the testimony of her psychotherapist that she suffers from post-traumatic stress disorder and other symptoms consistent with sexual abuse, including nightmares and suicidal ideation, her sister's out-of-court statements to the caseworker, and the caseworker's testimony (see Matter of Anahys V. [John V.], 68 AD3d 485 [1st Dept 2009], lv denied 14 NY3d 705 [2010]). There is no reason to disturb the court's evaluation of the evidence, including its credibility determinations, which are supported by the record (Matter of Sade B. [Scott M.], 103 AD3d at 520).

The court properly drew the strongest negative inference

from respondent's failure to testify (*see Matter of Ashley M.V. [Victor V.]*, 106 AD3d 659, 660 [1st Dept 2013]).

The finding of derivative abuse is supported by the finding that respondent sexually abused the older daughter since his actions "showed a fundamental defect in understanding his parental obligations" (*id.*). Moreover, Allinson's out-of-court statements that respondent had requested massages from her, in light of Estefania's statements that he had initiated some incidents of sexual abuse by asking for back massages, at roughly the same age, provide further support for the finding of derivative abuse.

We have considered respondent's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Andrias, Freedman, Richter and Clark, JJ.